WIGGINS, Justice
(dissenting).
When deciding whether to extend the common law, we do not choose a rule merely because a majority of those jurisdictions has or has not decided to extend the common law. Instead, we look at the policy behind the rule and decide if the policy behind the rule is sound.
A few years back, we extended the implied warranty of workmanlike construction to subsequent purchasers of improved property. Speight v. Walters Dev. Co., 744 N.W.2d 108, 116 (Iowa 2008). Our reason for doing so was that the rationale behind the implied warranty of workmanlike construction is to ensure a dwelling “will be fit for habitation.” Id. at 113 (internal quotation marks omitted). In Speight we said, the status of the buyer or owner of the building does not vitiate the implied warranty of workmanlike construction because the fulfillment of the warranty depends on the quality of building delivered, not the buyer. Id.
We agreed with the rationale of the Idaho Supreme Court when extending the warranty in Speight. Id. The Idaho case from which we borrowed the rationale used the same rationale to extend the warranty to “residential dwellings purchased for income-producing purposes which have never been occupied by the buyers.” Tusch Enters. v. Coffin, 113 Idaho 37, 740 P.2d 1022, 1032 (1987).
Here, a genuine issue of material fact exists as to whether the builder breached the implied warranty of workmanlike construction. This breach affected the habitability of the building. This breach occurred no matter who owned or resided in the dwelling units. Therefore, I would find the warranty applies to the bank and let the jury decide the fact issues as to whether the defendant was a builder, and if so, did the builder breach the warranty?
APPEL, J., joins this dissent.